### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVETTE COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-1073-EFM-KGG |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's "Motion to Compel Compliance with Outstanding Discovery Requests and to Overrule Defendant's Privilege Objections." (Doc. 22.)  Having reviewed the submissions of the parties and the attachments thereto, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

### BACKGROUND

The above-captioned matter is brought under the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* (*See* Doc. 1.)  Plaintiff, who served in Bosnia, Iraq, and Kuwait during his membership with the National Guard, contends he suffers from Post-Traumatic Stress Disorder.  He further contends that after he complained about the behavior of a coworker, he was suspended and told

to seek assistance under Defendant's Employment Assistance Program ("EAP").

Plaintiff contends he was released to work by the EAP, but Defendant refused to

reinstate him.  Plaintiff then made a complaint of disability discrimination to

Defendant.  Plaintiff further contends that shortly thereafter, he his employment

was terminated for "excessive use of the internet."  Defendant generally denies

Plaintiff's allegations.

Plaintiff brings the present motion asking the Court to compel Defendant to

"respond fully" to his discovery requests and overrule Defendant's claims of

privilege because Defendant had not submitted a timely privilege log as of the

filing of Plaintiff's motion.  Plaintiff also requests that the Court impose sanctions

against Defendant as a result of Defendant's discovery misconduct.

## DISCUSSION

**A.     Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the
> importance of the issues at state in the action, the amount in
> controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely
> benefit.  Information within this scope of discovery need
> not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be discoverable.

## B.    Document Production and Privilege Log.

Plaintiff contends that Defendant "has not refused outright to produce the documents requested; instead it has passively refused to produce them by vague and ongoing promises of future production." (Doc. 23, at 4.)  Plaintiff states that this has "stymied his efforts to proceed with depositions and other discovery because he does not yet know the extent of the information contained in unproduced documents nor des he know the documents for which a privilege is claimed." (*Id*.)

The Court is unclear as to the purpose of this portion of Plaintiff's motion. This portion of the motion does not list, let alone discuss, any particular discovery requests.  It is not sufficient for Plaintiff to merely state that Defendant's discovery responses are generally insufficient.  Plaintiff must identify the discovery responses he finds to be insufficient or improper and discuss the manner in which he finds them to be unacceptable.  The Court will not review all of the document requests and responses in this case and attempt to guess as to which ones Plaintiff finds unsatisfactory or as to how Plaintiff finds each response to be unacceptable.

Taken in the context of the factual statement of Plaintiff's motion, the Court

surmises that Plaintiff is referring to defense counsel's statement that Defendant

"has additional documents to be produced and that such additional documents

would be produced by the end of the week.  (August 12, 2016)."  To the extent

Defendant has promised responsive documents and/or has not objected to a

particular document request, Defendant is ordered to provide the responsive

documents within thirty (30) days of the date of this Order.

## C.      Defense Claims of Privilege.

Plaintiff also asks that the Court "order production of all documents

requested and that it overrule Defendant's claims of privilege because Defendant

has failed to carry its burden of persuasion that any documents are entitled to a

privilege of any kind."  (Doc. 23, at 5.)  Defendant responds that it "has not waived

its right to claim privilege as to certain documents by failing to provide a privilege

log at the time it served its initial responses to Plaintiff's request for production of

documents."  (Doc. 29, at 11.)  Defendant contends that there is no waiver of

privilege "so long as a party provides a privilege log within a reasonable time and

has not engaged in any unjustifiable delay or bad faith . . . ."  (*Id*.)  Defendant

continues that "a party does not have an obligation to provide a privilege log in

response to a facially overbroad request until the Court has evaluated the objection

determined to what extent the document request is not objectionable."  (Doc. 29, at

12.)

Additionally, at the time of filing its responsive brief, Defendant stated that

it expected to have a privilege log produced to Plaintiff "no later than the end of

this week identifying which of the responsive emails are being withheld under

claim of privilege." (*Id*. at 13.)  Plaintiff's subsequent reply brief acknowledges

receipt of the privilege log, but continues to argue that the privileges should

waived because Defendant has not offered any valid justification for the delay in

providing the log.  (Doc. 30, at 4.)  According to Plaintiff, "[s]imply failing to take

this matter seriously enough to respond as promised is not justification nor does it

demonstrate good faith." (*Id*., at 5.)

The Federal Rules of Civil Procedure provide that

> [w]hen a party withholds information otherwise discoverable by
> claiming that the information is privileged or subject to protection as
> trial-preparation material, the party must:
>
> (i)  expressly make the claim; and
>
> (ii) describe the nature of the documents,
> communications, or tangible things not produced
> or disclosed—and do so in a manner that, without
> revealing information itself privileged or protected,
> will enable other parties to assess the claim.

Fed.R.Civ.P. 26(b)(5)(A).  The failure to follow the Federal Rules of Civil

Procedure may result in waiver of protection under the work product doctrine or

the attorney-client privilege. *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, No. 05–2433–JWL–DJW, 2007 WL 1347754, at *2 (D.Kan. May 8, 2007) (citing 8 Charles A. Wright, Federal Practice and Procedure § 2016. 1, at 228–29 (2d ed.1994)).

"Acknowledging the harshness of a waiver sanction, however, courts have reserved such a penalty for only those cases where the offending party committed unjustified delay in responding to discovery." *White v. Graceland Coll. Ctr. for Prof. Dev. & Lifelong Learning, Inc.*, 586 F.Supp.2d 1250, 1266 (D. Kan. 2008). "In the few cases where the court found waiver based upon the untimely submission of a privilege log, the privilege log had been prepared after the court was asked to rule on the issue and after entry of an order directing production of the documents." *Id.*, at 1267.

In the present case, it is uncontroverted that the privilege log was not provided until after the Court was asked to rule on the issue by Plaintiff's Motion to Compel. The log was, however, produced before the underlying motion was fully briefed and not after the entry of an order directing production. The Court acknowledges that the parties had issues relating to the discovery requests and engaged in various communications regarding the same. (*See* Doc. 23, at 2-4, Doc. 29, at 2-5.)

The events enumerated in Plaintiff's motion, however, establish that Defendant was indeed "slow playing" the production of a privilege log and its document production.  Defendant did not provide the privilege log until after Plaintiff filed the present motion to compel.  The Court finds Defendant's tactics to be unreasonable.  That stated, the degree of prejudice suffered by Plaintiff, while not inconsequential, does not justify the harsh remedy of waiver of Defendant's claims of privilege.  Instead, the Court will order an award of attorney's fees, imposed against Defendant and defense counsel jointly and severally.  The fees shall consist of Plaintiff's attorney's fees associated with the prosecution of the present motion.

The parties are directed to meet and confer in good faith concerning the reasonable attorney fees associated with Plaintiff's Motion to Compel.  If the parties are unable to agree, Plaintiff's counsel shall file an affidavit containing the hourly rate(s) and billable hours associated with the motion.  The affidavit shall be filed within fourteen (14) days of the date of this Order.  Defendant's response, if any, to the requested attorney fees shall be filed within seven (7) days of Plaintiff's filing.  Any such response shall be limited to five pages.  A reply by Plaintiff will not be allowed unless requested by the Court.

**D.     Interrogatory No. 12 and Request for Production No. 21.**

This interrogatory seeks the identity of "each person who has received warning or discipline for 'excessive use' of the internet at work while in Defendant's employ. . . ."  (Doc. 23-1, at 11.)  Request No. 21 seeks "[a]ll documents identified in response to Interrogatory No. 12 . . . ."  (*Id*., at 8.)  Defendant objected to the interrogatory and document request as overly broad, unduly burdensome, not reasonably limited in either time or geographic scope, and seeks information that is either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.  (Doc. 23-2, at 5; Doc. 23-3, at 7.)  Defendant's response to these discovery requests did not, however, provide any explanation as to how these generally stated objections specifically applied to these discovery requests.  Defendant further objected that the interrogatory asks it "to divulge private and confidential personnel information from persons who are not parties to this suit and who have not consented to the release of their private information."  (*Id*.)

In attempt to compromise as to the scope of these discovery requests, Plaintiff's counsel offered to "limit the geographic scope of information requested to the region(s) under the authority of those individuals identified as being involved in the decision to fire Mr. Cooper for the stated reason of excessive internet usage and to limit it in time to the five years prior to the time Mr. Cooper

was fired." (Doc. 23-6, at 2.)  In response to Plaintiff's motion, Defendant has

offered to "provide information associated with any Internet audit performed by

UP's IT department during the three years preceding the Plaintiff's termination, as

well as documents associated with any discipline resulting from such audits" with

any such responsive information relating to non-party employees being

"designated as confidential under the protective order entered in this case." (Doc.

29, at 10.)

The Court finds Defendant's proposal to be reasonable.  Further, Plaintiff

does not address the proposed compromise in his reply brief.  (*See generally* Doc.

30.)  The Court thus infers Plaintiff's acceptance of Defendant's proposal and

**GRANTS** Plaintiff's motion in part.  Defendant requests "several weeks" to

complete this "arduous manual review."  Given that the discovery requests were

initially served on June 23, 2016, the Court finds an additional thirty (30) days

from the date of this Order to be more than sufficient.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Compel

Compliance with Outstanding Discovery Requests and to Overrule Defendant's

Privilege Objections" (Doc. 22) is **GRANTED in part** and **DENIED in part** as

more fully set forth herein.  Defendant shall provide the requisite supplemental

discovery responses within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated this 19th day of October, 2016.

 S/ KENNETH G. GALE

Kenneth G. Gale

United States Magistrate Judge
